## In re EUCLID UNDERWRITING CORPORATION.

### No. 42244.

District Court, E. D. New York.

May 26, 1942.

Tenzer, Greenblatt, Fallon & Kaplan, of New York City (Nathaniel R. Kaplan, of New York City, of counsel), for debtor.

Montrose H. Massler, of New York City, for National Liberty Ins. Co. of America.

MOSCOWITZ, District Judge.

This is a motion granting leave to the debtor herein to amend Schedule A-3 of the schedules filed to include the claim of the National Liberty Insurance Company of America, in the amount of $96.15, or in the alternative to stay all proceedings on the part of the National Liberty Insurance Company of America against the debtor.

The debtor on January 21, 1942, pursuant to Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., filed a petition for arrangement. On February 24, 1942, an order was entered by the Referee in bankruptcy in charge of this proceeding confirming the amended plan of arrangement. The National Liberty Insurance Company of America was not mentioned in the schedules. It had no knowledge or notice of the proceedings until after it instituted an action against the debtor on April 23, 1942.

Section 367 of Chapter XI provides that upon confirmation of an arrangement, except as provided in Sections 369 and 370, the case shall be dismissed. Section 369 relates to the classes of claims which are allowable or disallowable prior to the confirmation of the arrangement. In such cases the Court retains jurisdiction to dispose of the claims. Section 370 makes provision for the participation of such claims in the proceeds of the arrangement.

Section 368 provides that the Court shall retain jurisdiction if so provided in the arrangement.

The amended plan of arrangement herein provides that the Court shall retain jurisdiction solely for the purpose of entertaining any application that may be made pursuant to Sections 377 and 378 of the Bankruptcy Act. These sections relate to the debtor's defaults in the arrangement and the remedies provided in the creditors or other interested parties upon default in any of the terms of the arrangement.

The order confirming the arrangement contains the following provision: "Ordered, Adjudged and Decreed that until compliance has been made by the debtor with the terms and conditions of the said amended plan of arrangement bearing date the 21st day of January, 1942, this Court shall retain jurisdiction of this proceeding for the purpose of (a) issuing such additional orders as may be necessary to carry out and consummate said amended plan of arrangement * * *."

■ The debtor having failed to schedule the claim of the creditor, the debt due from the debtor to the creditor has not been discharged by the confirmation of the arrangement.

■ The Court does not retain jurisdiction over a creditor whose claim is not scheduled and who had no notice or knowledge of the proceeding.

■ The debtor claims that the creditors have so overwhelmingly voted for the plan that, if this creditor had been mentioned in the schedules and had voted, it could not affect the plan. That argument seems fallacious. It makes no difference how small the claim is, a creditor is entitled to be heard. The debtor could have with little or no effort ascertained the facts relating to the creditor's claim.

As a matter of law and in the exercise of discretion the Court denies the application of the debtor.